v.

Marilyn JOHNSON, Delbert Warren, Century 21–Campbell Realty, Inc., Respondents.

No. 47613.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 15, 1985.

CUMMINS MISSOURI, INC., Appellant,

v.

Walter THIERATH, Respondent.

No. 48371.

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 15, 1985.

Bryan, Cave, McPheeters & McRoberts, David S. Slavkin, St. Louis, for appellant.

Stephen H. Gilmore, Thad F. Niemira, St. Louis, for respondent.

CRIST, Judge.

Action by appellant (Cummins Mo.) against respondent (trucker) to recover $2,214.64 for repairs made to the engine in trucker's truck. Counterclaim by trucker for fraud of Cummins Mo. in installing an engine different from the one agreed upon.

The jury found against Cummins Mo. on its action to recover $2,214.64. It awarded trucker $35,000.00 actual damages and $75,000.00 punitive damages on his counterclaim. The trial court reduced the actual damage award to $15,000.00. Cummins Mo. appealed the judgment on trucker's counterclaim. We reverse the judgment on the counterclaim.

The truck was purchased in 1976. Trucker was then a hauler of produce across the United States. He was owner-operator of this truck and one other. In November of 1977, the truck was taken to one Howell for service. Howell improperly installed an oil filter causing the "oil to blow out and the engine to lock up."

Howell made arrangements with Cummins Mo. to replace the engine with a factory exchange engine for $7,500.00. Cummins Mo. told Howell a new engine would be installed. He received a receipt for a factory exchange engine, and was told the warranty would be the same as for a new engine.

Cummins Mo. assured trucker he would have a factory exchange engine and wrote on the work order "FEX" to allay trucker's fears of receiving back the same repaired engine.

Trucker's financial backer was assured by Cummins Mo. it would not rebuild trucker's engine, but would replace it with a different factory rebuilt engine. Cummins Mo. rebuilt trucker's engine rather than replacing it with someone else's factory rebuilt engine. The rebuilt engine was warranted for 100,000 miles/one year, the same warranty as for any Cummins Mo. factory rebuilt engine. Trucker's warranty count was dismissed by the trial court, and is not an issue on this appeal.

Soon thereafter, the truck was using oil. Cummins Mo. advised trucker to drive it until the pistons seated. The oil problem worsened. In March of 1978, Cummins Mo. replaced the engine's cylinder heads without charge.

In July of 1978, trucker received a call from his driver and a shop foreman of an

Amarillo, Texas Cummins Dealer advising him repairs would have to be made to the engine. Trucker was not surprised by the telephone call because he had had nothing but trouble with the truck since it left Cummins Mo. The trouble had been "leakage of oil, leakage of water, everything. The truck just was not functioning right."

The only direct evidence as to the cause of the engine problem in Amarillo was offered by defendant—overheating by running the engine without water. The Amarillo Cummins dealer made repairs and charged $2,214.64. Cummins Mo. paid the bill. It then sued trucker for reimbursement.

After the repairs were made in Amarillo, the truck was driven to California. At Flagstaff, Arizona, the truck had oil all over it. It was taken to a Cummins dealer. It inspected and steam cleaned the truck, checking for oil leaks, but was unable to find where the oil was coming from. The truck was then driven to an authorized Cummins dealer in San Jose, California, for repairs. It took trucker five weeks to get the truck repaired in California by the California Cummins dealer. Trucker was told the truck was ready. He drove it about 300 miles when the oil gauge began to fluctuate. The same thing happened that had happened four or five times previously: oil all over the place. Trucker left the trailer in California because the truck did not have enough power to pull it. The truck was sold at a distress price six to seven weeks after the problem in Amarillo.

■ Cummins Mo. told trucker they were not going to honor the 100,000 miles/one year warranty, because he received a rebuilt engine which did not have the same warranty on it. Trucker submitted his case to the jury on fraud. The elements of the cause of action for fraud are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of the falsity or his ignorance of the truth; (5) the speaker's intent that his statement be acted upon; (6) the hearer's ignorance of the falsity of the statement; (8) the hearer's reliance on the truth of the state-

ment; and (9) the hearer's consequent and proximate injury. *O'Shaughnessy v. Ward Aircraft Sales & Service, Inc.*, 552 S.W.2d 730, 733 (Mo.App.1977). Cummins Mo. correctly states trucker failed to make a submissible case of fraud in that he failed to show proximate damage because of Cummins Mo.'s installing an engine different from the one agreed upon.

After Cummins Mo. installed the same, rebuilt engine, it used oil. Cummins Mo. put in new cylinder heads. Ninety-six thousand miles after Cummins Mo. rebuilt trucker's engine, the engine failed in Amarillo. Trucker offered no substantial evidence as to what caused the breakdown in Amarillo. Cummins Mo. offered evidence the cause of the damage in Amarillo was that of overheating. The overheating was precipitated by running the engine without water. The water filter hose broke causing loss of water. The jury chose to disbelieve this evidence, but it was the only substantial evidence of what caused the breakdown.

Trucker testified the reasonable value of the truck before the Amarillo breakdown was $20,000.00 and immediately after the breakdown from $10,000.00 to $12,000.00. Six to seven weeks after the Amarillo breakdown he traded the truck in on a new truck at a distress price.

■ There is insufficient evidence to show trucker's rebuilt engine was the cause of the breakdown in Amarillo. The repairs in Amarillo were made by a corporation separate and apart from the Cummins Mo. corporation. The damages complained of in Arizona and California may have been caused by the Amarillo Cummins dealer. Such damages may, or may not, have been caused by trucker's rebuilt engine. The evidence does not show that it would make any difference that Cummins Mo. had rebuilt someone else's engine rather than trucker's engine. The evidence shows only the rebuilt engine had an oil problem which Cummins Mo. repaired at no charge to trucker. Thereafter, at 96,000 miles the engine broke down in Amarillo. Trucker offered no substantial evidence as

to the cause of this Amarillo breakdown. *Grosser v. Kandel-Iken Builders, Inc.*, 647 S.W.2d 911, 916 (Mo.App.1983), and *Toenjes v. L.J. McNeary Construction Company*, 406 S.W.2d 101, 106 (Mo.App. 1966).

For the reason the warranty issue has been determined, and we have not been shown trucker could recover on another theory, we must reverse the judgment on the counterclaim.

Judgment on the counterclaim reversed.

DOWD, P.J., and CRANDALL, J., concur.